IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT DILLINGHAM

DENNIS ALAKAYAK; WASSILIE )
ALFRED; JOHN P. ANDREW; STEVE )
BORBRIDGE; KYLE CATALONE; )
SARAH CATALONE; BILLY DICK; )
OLGA DICK; CARLOS EVON; GEORGE )
EVON; WILLIAM GLOKO; AARON )
JOHN; DIANE MOCHIN; ALEXIE NOSE, )
JR.; COREY PHILLIP; DAVID PHILLIP; )
RHONA SHAVINGS; ANNIE TUGATUK; )
AUSTIN WALDRON; AND SAMMIE )
WASKA, )
 )
    Plaintiffs, )
 )
vs. )
 )
CHARLES BURRECE; JOHN DOES 1-5; )
TRIDENT SEAFOODS CORPORATION; )
MAGONE MARINE SERVICE, INC.; )
DANIEL MAGONE; and RESOLVE )
MARINE GROUP, INC., )
 )
    Defendants. )
_____ )
                 ) Case No. 3DI-13-131 CI

DEC 06 2013 FILED

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs, by their undersigned counsel, and for their Complaint for Damages against Defendants Charles Burrece; John Does 1-5; Trident Seafoods Corporation; Magone Marine Service, Inc.; Daniel Magone; and Resolve Marine Group, Inc., allege as follows:

Angstman Law Office
ATTORNEYS AT LAW
PO BOX 758
BETHEL, ALASKA
99559
(907) 543-2972

COMPLAINT FOR DAMAGES
*Alakayak, et al. v. Burrece, et al.*, 3 DI-13-_____ CI      Page 1 of 7

EXHIBIT A
PAGE 1 OF 1

## PARTIES

1. Plaintiffs were, at all material times, and are Alaska residents. They operated and operate salmon set nets at or near the mouth of the Igushik River, near the village of Manokotak, in the heart of Alaska's word-class Bristol Bay salmon fishery.

2. Defendant Charles Burrece was, at all material times, and is a resident of the State of Washington. He was and is the owner of the *F/V Lone Star*, which was a tender vessel working for Defendant Trident Seafoods Corporation.

3. Defendants John Does 1-5 were, at all material times, the crew of the *F/V Lone Star*. Plaintiffs will amend this Complaint to add their true names when that information becomes known to Plaintiffs.

4. Defendant Trident Seafoods Corporation was, at all material times, and is a Washington State corporation. It purchased salmon commercially harvested in Bristol Bay, Alaska. Defendant Trident Seafoods Corporation selected, trained, and supervised the owners and crew of tender vessels, including the *F/V Lone Star*, which serviced fishing vessels in Bristol Bay that sold salmon to Trident Seafoods Corporation.

5. Defendant Magone Marine Service, Inc. was, at all material times, and is an Alaska corporation. It was hired to salvage the *F/V Lone Star*.

6. Defendant Daniel Magone was, at all material times, and is a resident of the State of Alaska. He was and is the Director, President, and majority shareholder of Magone Marine Service, Inc., and he personally participated in or oversaw salvage operations on the *F/V Lone Star*.

7. Defendant Resolve Marine Group, Inc. was, at all material times, and is a Florida corporation. It was hired to salvage the *F/V Lone Star*.

Angstman Law Office
ATTORNEYS AT LAW
PO BOX 758
BETHEL, ALASKA
99559
(907) 543-2972

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action, and venue is proper before this Court.

## FACTS

9. On or about June 30, 2013, the *F/V Lone Star*, which was owned by Defendant Charles Burrece, capsized and sank in Bristol Bay, Alaska, near the mouth of the Igushik River. The sinking was due to the fault of Burrece and Defendants John Does 1-5.

10. On board the *F/V Lone Star* at the time of its sinking was approximately 13,750 gallons of diesel fuel and 300 gallons of other petroleum products (collectively, "fuel"), and approximately 35,000 pounds of salmon in its hold.

11. Soon after the *F/V Lone Star* sank, fuel began leaking from the sunken vessel's hull, causing the Alaska Department of Fish and Game to close the salmon fishery for the Igushik Section of the Nushagak District. This ended Plaintiffs' set net salmon fishing season for 2013. Plaintiffs' future fishing seasons are likely to be adversely affected as well.

12. Defendants Dan Magone; Magone Marine Service, Inc.; and Resolve Marine Group, Inc. (collectively, "Defendants Magone and Resolve") were hired shortly after the sinking to pump the fuel out of the *F/V Lone Star* and raise it from the seabed.

13. Defendants Magone and Resolve removed the fuel from the *F/V Lone Star* by early August 2013.

14. Defendants Magone and Resolve raised the *F/V Lone Star* from the seabed in mid-October 2013.

Angstman Law Office
ATTORNEYS AT LAW
PO BOX 758
BETHEL, ALASKA
99559
(907) 543-2972

15. In preparation to tow the *F/V Lone Star* to Dutch Harbor, Alaska, Defendants Magone and Resolve caused or allowed a substantial quantity of the decaying remains of the 35,000 pounds of salmon that had been in the hold ("salmon waste") and/or other waste to be pumped, dumped, or spilled into the ocean and/or the Igushik River at or near the site of raising the vessel.

16. The ocean tides and currents carried the salmon waste and/or other waste to shore, where it was deposited at or near Plaintiffs' set net sites.

17. Defendants Magone and Resolve did not retrieve or clean up the salmon waste and/or other waste.

18. The salmon waste and/or other waste attracted a large number of bears, which were fattening up before hibernating for the winter. Once the bears finished with the *F/V Lone Star's* salmon waste and/or other waste, they turned their attention to Plaintiffs' set net cabins along the beach. The bears broke into and caused substantial damage to nearly every cabin owned by Plaintiffs on Igushik Beach.

19. As a result of all Defendants' actions and failure to act, Plaintiffs suffered the following damages: loss of past and future income from commercial fishing; loss of past and future subsistence foods; loss of past and future subsistence and cultural activities; and past and future damage to their real and personal property.

## CAUSES OF ACTION

### I. Strict Liability – AS 46.03.822
(Burrece, John Does 1-5, and Trident Seafoods)

20. Plaintiffs incorporate all prior allegations of this Complaint.

Angstman Law Office
ATTORNEYS AT LAW
PO BOX 758
BETHEL, ALASKA
99559
(907) 543-2972

21. Under AS 46.03.822, Defendants Charles Burrece, John Does 1-5, and Trident Seafoods Corporation are strictly liable to Plaintiffs, jointly and severally, for their damages, in an amount to be proven at trial, caused by the release of fuel from the *F/V Lone Star*.

## II. Negligence in Causing Sinking and Fuel Spill
(Burrece, John Does 1-5, and Trident Seafoods)

22. Plaintiffs incorporate all prior allegations of this Complaint.

23. Defendants Charles Burrece, John Does 1-5, and Trident Seafoods Corporation were negligent, grossly negligent, and reckless in causing the *F/V Lone Star* to sink and spill fuel at or near the mouth of the Igushik River.

24. These Defendants are liable to Plaintiffs for their damages, in an amount to be proven at trial.

## III. Negligent Selection, Training, Supervision, and Entrustment
(Trident Seafoods)

25. Plaintiffs incorporate all prior allegations of this Complaint.

26. Defendant Trident Seafoods Corporation was negligent and grossly negligent in its selection, training, and supervision of Defendants Charles Burrece and John Does 1-5, and in entrusting tender vessel services to them and to the *F/V Lone Star*.

27. Defendant Trident Seafoods Corporation is liable to Plaintiffs for their damages, in an amount to be proven at trial.

## IV. Respondeat Superior
(Trident Seafoods)

28. Plaintiffs incorporate all prior allegations of this Complaint.

29. Defendants Charles Burrece and John Does 1-5 were effectively employees, rather than independent contractors, of Defendant Trident Seafoods Corporation.

Angstman Law Office
ATTORNEYS AT LAW
PO BOX 758
BETHEL, ALASKA
99559
(907) 543-2972

COMPLAINT FOR DAMAGES
*Alakayak, et al. v. Burrece, et al.*, 3 DI-13-_____ CI       Page 5 of 7

EXHIBIT ___A___
PAGE ___5___ OF ___7___

30. Defendant Trident Seafoods Corporation is vicariously liable, under *respondeat superior*, for the negligence of Defendants Charles Burrece and John Does 1-5.

31. Defendant Trident Seafoods Corporation is liable to Plaintiffs for their damages, in an amount to be proven at trial.

### V. Negligent Salvage
### (All Defendants)

32. Plaintiffs incorporate all prior allegations of this Complaint.

33. Defendants Magone and Resolve were negligent and grossly negligent in causing or allowing salmon waste and/or other waste from the *F/V Lone Star* to be pumped, dumped, or spilled overboard at or near the site where the *F/V/ Lone Star* was raised.

34. Defendants Magone and Resolve were negligent and grossly negligent in failing to retrieve or clean up the salmon waste and/or other waste which washed up on Igushik Beach, at or near Plaintiffs' set net sites, and directly below Plaintiffs' cabins where Plaintiffs live when set-netting.

35. It was foreseeable to all Defendants that this salmon waste and/or other waste would attract bears, which would cause damage to Plaintiffs' cabins which were located adjacent to Plaintiffs' set net sites.

36. All Defendants are liable to Plaintiffs for their damages, in an amount to be proven at trial.

### VII. Punitive Damages – AS 09.17.020
### (All Defendants)

37. Plaintiffs incorporate all prior allegations of this Complaint.

38. Defendants' conduct was outrageous, evidencing reckless indifference to the interests of Plaintiffs.

Angstman Law Office
ATTORNEYS AT LAW
PO BOX 758
BETHEL, ALASKA
99559
(907) 543-2972

39. Under AS 09.17.020, Defendants are liable to Plaintiffs for punitive damages, in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief against Defendants, and each of them:

1. For an award of damages in excess of $100,000, in an amount to be proven at trial.
2. For an award of punitive damages, in an amount to be proven at trial.
3. For an award of prejudgment interest.
4. For an award of their costs and attorney's fees for having to bring this action.
5. For such other relief as the Court deems just and proper.

Attorneys for Plaintiffs:

ANGSTMAN LAW OFFICE

Dated: 12/4/13   By: _____
Myron Angstman
ABA No. 7410057

WINNER & ASSOCIATES, P.C.

Dated: 12/4/2013   By: _____
Adam L. Winner
ABA No. 1205041

Dated: 12/4/13   By: _____
Russell L. Winner
ABA No. 7811149

Angstman Law Office
ATTORNEYS AT LAW
PO BOX 758
BETHEL, ALASKA
99559
(907) 543-2972